# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

07-81209 CIV-HURLEY/HOPKINS

-----------------------------------------------------------X

LAWRENCE CICHANOWICZ,

                      Plaintiff,

-against-

PALM BEACH COUNTY SHERIFFS OFFICE,
PALM BEACH COUNTY DEPARTMENT OF
CORRECTIONS, SHERIFF RIC L.
BRADSHAW, COLONEL KIETH CHAMBERS,
ARMOR CORRECTIONAL HEALTH
SERVICES, INC., JOSE ARMAS, MD,
JOSEPH P. MAY, MD and JOHN DOES 1
through 15.

                      Defendants.

-----------------------------------------------------------X

COMPLAINT

      Plaintiff, LAWRENCE CICHANOWICZ, appearing pro se, alleges upon information and belief as follows:

1. This Court has jurisdiction pursuant to 42 U.S.C. §1983 and supplemental jurisdiction of other claims pursuant 28 U.S.C. §1367

2. Plaintiff is a citizen of the United States and a resident of the State of Florida and resides at 380 S.E. 5th Street, Pompano Beach, FL 33060.

3. At all relevant times defendant PALM BEACH COUNTY SHERIFFS OFFICE is in full and complete control of the PALM BEACH COUNTY DEPARTMENT OF CORRECTIONS and maintains an office and place of business located at 3228 Gun Club Road, West Palm Beach, Florida 33406.

4. At all relevant times defendant PALM BEACH COUNTY DEPARTMENT OF CORRECTIONS is in charge of all inmates while they are incarcerated in their facilities which are also under the jurisdiction and control of the PALM BEACH COUNTY SHERIFFS OFFICE and maintain and office and place of business located at 3228 Gun Club Road, West Palm Beach, Florida 33406.

5. At all relevant times defendant, SHERIFF RIC L. BRADSHAW is the Sheriff of Palm Beach County and in such capacity is in charge of the PALM BEACH COUNTY SHERIFFS OFFICE and The PALM BEACH DEPARTMENT OF CORRECTIONS and has an office and place of business located at 3228 Gun Club Road, West Palm Beach, Florida 33406.

6. At all relevant times defendant COLONEL KEITH CHAMBERS, was and is the Director of Corrections, and in such capacity has full responsibility and control of the PALM BEACH COUNTY DEPARTMENT OF CORRECTIONS and has an office and place of business located at 3228 Gun Club Road, West Palm Beach, Florida 33406.

7. At all relevant times defendant PETER DORSAINVIL, MD was and is the Medical Director of the PALM BEACH COUNTY DEPARTMENT OF CORRECTIONS and in such capacity has full responsibility and control over all medical aspects of the county's correctional facilities and has an office and place of business located at 3228 Gun Club Road, West Palm Beach, Florida 33406.

8. At all relevant times defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. ("ARMOR") was and is a Florida corporation with its main office located at 4960 S.W. 72nd Avenue, Suite 400, Miami Florida 33155 and is under contract and/or some other arrangement with the PALM BEACH COUNTY SHERIFF"S DEPARTMENT to provide

medical care for inmates while incarcerated at 3228 Gun Club Road, West Palm Beach, Florida 33406.

9. At all relevant times defendant JOSE ARMAS, MD ("ARMAS") was and is the President of ARMOR CORRECTIONAL HEALTH SERVICES, INC. and maintains an office located at 4960 S.W. 72nd Avenue, Suite 400, Miami Florida 33155. In connection with said position he has full responsibility and control over ARMOR CORRECTIONAL HEALTH SERVICES, INC. and the care and services it is to provide to inmates during incarceration at and has an office and place of business located at 3228 Gun Club Road, West Palm Beach, Florida 33406.

10. At all relevant times defendant JOSEPH P. MAY, MD ("MAY") was and is the Chief Medical Officer of defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. and maintains an office located at 4960 S.W. 72nd Avenue, Suite 400, Miami Florida 33155. In such capacity he has full responsibility and control over ARMOR CORRECTIONAL HEALTH SERVICES, INC and the care and services it is to provide to inmates during incarceration at 3228 Gun Club Road, West Palm Beach, Florida 33406.

11. At all relevant times defendants JOHN DOE 1 through 15 are not yet identifiable but are in the employ of the foregoing defendants and are within the jurisdiction of this Court.

12. At all relevant times plaintiff has been diagnosed with and suffers from Gastro-Esophagal Reflux Disease ("GERD") and Barrett's Esophagus, Gout, anxiety and severe Peripheral Neuropathy in his feet and portions of his hands. Barret's Esophagus if not treated in its early stages as it has been can be fatal. Medications have been prescribed to Plaintiff for treatment, to curb the pain and discomfort associated with such conditions. Failure to provide Plaintiff with such medications results in the physical pain of heartburn, joint pain, pain in walking, standing sitting and sleeping as well as increased anxiety.

13. The failure to provide the medications for the peripheral neuropathy has resulted in a worsening of said condition.
14. On May 14, 2006 Plaintiff pled guilty to a DUI traffic offense and a portion of the sentenced Plaintiff received was one year of probation.
15. On or about April 11, 2007, while still on probation, Plaintiff was stopped while operating a motor vehicle in Ocala, Florida, Marion County. Plaintiff was placed in custody and released on April 12, 2007 upon posting the required bond of $10,000.00.
16. On or about May 3, 2007 Plaintiff appeared, as scheduled before his probation officer and reported the arrest in Marion County which was a violation of the terms of probation (hereinafter "VOP").
17. Sometime thereafter Plaintiff's Probation Officer filed the appropriate affidavits for the issuance of a warrant. To this date it is a mystery as to whether or not the warrant was ever filed with the Palm Beach County Sheriff's Office or with the Broward Sheriff's office.
18. In any event, Plaintiff, on June 25, 2007 appeared at the Palm Beach County Correctional Facility to satisfy the existing warrant. During intake and processing Plaintiff was interviewed by a nurse to whom he described all his physical ailments and the prescription medications he was presently taking, the exact dosages, and the name of his physician. Nothing was done or said with respect to whether or not plaintiff would be given his medications.
19. On June 27, 2007, while still in custody, Plaintiff appeared before the Honorable Paul A. D'Amico, judge of the Palm Beach District Court for arraignment where he was released upon his own recognizance so he could appear in Ocala, Marion County on June 29, 2007 to answer the outstanding charges there. Such release was subject to Judge D'Amico sentencing Plaintiff to 180 days for the VOP with the proviso that if

        Plaintiff returned to his Court on July 3, 2007 to begin serving the 180 day sentence then he would, at that time reduce it to 30 days.

20. Plaintiff attended at Ocala, Marion County, where, on advice of counsel he plead guilty to driving with a revoked license and was sentenced to 45 days which the Marion County Court agreed could be served concurrent to any time served for the VOP.

21. Plaintiff returned to Judge D'Amico's Court, pursuant to his June 27, 2007 order on July 3, 2007 to begin serving his sentence which was not reduced to 30 days but to 45 because Marion County would not agree to less than 45 days and any time which was not served in Palm Beach County would then have to be served in Marion County.

22. Plaintiff was then taken into custody and again was interviewed by a nurse to whom he again described all his physical ailments and the prescription medications he was taking, the exact dosages, and the name of his physician. Again, nothing was said or done with respect the providing Plaintiff with his medications.

23. Plaintiff was then taken to a holding cell for a period of about two to three days where he was for the third time interviewed by a nurse to whom he described all his physical ailments and the prescription medications he was presently taking, the exact dosages, and the name of his physician. Again, nothing was said or done with respect to providing Plaintiff with these medications.

24. On or about July 6th, 2007 Plaintiff was transferred to Cell S8C in the Main Detention Center to begin serving the balance of his sentence.

25. On or about July 10, 2007, Plaintiff was called to go to the medical facility in the detention center. Plaintiff again reiterated and described all his physical ailments and the prescription medications he was presently taking, the exact dosages, and the name of his physician. There was no reaction one way or another and Plaintiff never received any medications.

5

26. On the following day Plaintiff was again called to go to the medical facility to see a doctor. Plaintiff was advised that it was for the sole purpose of looking into treatment for his GERD. At that time the doctor prescribed Previcid which was not administered until the following day. Previcid was provided and administered daily for about 7 days and then stopped without any reason. Plaintiff inquired of the distributing nurse and was advised to file a request for medical attention and that it would be a about 10 to 14 days before he would get a response.
27. On or about July 17, 2007 Plaintiff filed a request for a physical examination with the deputy on duty in the Cell. Plaintiff never received a response to that request nor to a subsequent request which he filed.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

28. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 27 as though more fully set forth herein at length.
29. Defendants through their actions, omissions, fault, neglect and lack of action subjected Plaintiff to cruel and unusual punishment far and beyond any penological purpose contemplated and in violation of the protections contained in the Eighth Amendment of the Constitution of the United States and in 42 U.S.C. §1983.
30. By reason thereof, Defendants have damaged Plaintiff in an amount as so nearly can be ascertained of $500,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

31. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 30 as though more fully set forth herein at length.
32. Defendants by their actions and/or inactions, did purposely, willfully, wantonly, purposely, recklessly and negligently fail to provide Plaintiff with the necessary medicines and/or medical attention and thus inflicted unnecessary pain and suffering on Plaintiff which in their capacity and in the circumstances had a duty to so provide.
33. By reason thereof Defendants have damaged Plaintiff in an amount as so nearly can be ascertained of $500,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ARMOR CORRECTIONAL HEALTH SERVICES, INC., JOSE ARMAS, MD AND JOSEPH P. MAY, MD

34. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 33 as though more full set forth herein at length.
35. Defendants ARMOR, ARMAS and MAY in their corporate and individual capacities did intentionally and for the sole purpose of financial gain for the corporation and themselves personally, withhold medications and treatment from Plaintiff without any regard to the welfare of Plaintiff and with a culpable indifference to the pain and suffering such actions would inflict upon Plaintiff.
36. By reason thereof, Defendants ARMOR, ARMAS and MAY have damaged Plaintiff in an amount as so nearly can be ascertained of $500,000.00.
34. Plaintiff demands trial by jury for all the issues raised herein and for punitive damages in an amount to be decided by that jury at the time of trial.

WHEREFORE, Plaintiff demands judgment jointly, severally and individually against all Defendants named herein in the amount of $1,500,000.00 together with costs, disbursements, attorneys fees, punitive damages in an amount

to be decided at trial by a jury and for whatever further and different relief as to this Court may seem just and proper in the premises.

Dated: Pompano Beach, Florida
       December 26, 2007

                                LAWRENCE V. CICHANOWICZ
                                Pro Se

                                Lawrence V. Cichanowicz
                                380 S.E. 5th Street
                                Pompano Beach, FL 33060
                                Tel: (954) 854-1939
                                Fax: (954) 545-0772
                                E-mail: cichanowiczl@bellsouth.net

I affirm under the penalties of perjury that the foregoing is true and correct.

                                Lawrence V. Cichanowicz

※JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
LAWRENCE V. CICHANOWICZ

## DEFENDANTS
PALM MBEACH COUNTY SHERIFFS OFFICE, et al.,

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

07-81209-CIV-HURLEY/HOPKINS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lawrence V. Cichanowicz, Pro se
380 S.E. 5th Street
Pompano Beach, FL 33060   Tel: (954) 854-1939

Attorneys (If Known)

07cv81209 DTKH/JMH

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☑ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☐ NO
JUDGE                           DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Eighth Amendment violations 42 USC 1983 and 28 USC 1367 negligence and intentional tort in medical care.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD
DATE: December 26, 2007

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 541878   IFP